J-S17008-25 & J-S17009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SALEEM HARVILLE | : | |
| | : | |
| Appellant | : | No. 509 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 25, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004521-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SALEEM HARVILLE | : | |
| | : | |
| Appellant | : | No. 519 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 25, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004507-2021

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 27, 2026**

In these consolidated appeals, Saleem Harville (Appellant) appeals from the judgments of sentence imposed following his guilty pleas to three counts of recklessly endangering another person (REAP); and one count each of aggravated assault – serious bodily injury, robbery of a motor vehicle, causing an accident involving death or personal injury, and aggravated assault by

vehicle.[1]  Appellant claims the trial court erred in accepting his guilty pleas, where (1) the facts, as recited by the prosecutor at Appellant's guilty plea hearing (plea hearing), failed to establish the crime of aggravated assault; and (2) Appellant did not enter his pleas knowingly, intelligently, and voluntarily.  After careful review, we affirm.

The trial court summarized the facts adduced at Appellant's plea hearing as follows:

> On Friday, April 17, 2020, at about 10:35 at night, [] Appellant … was operating a 2005 Ford Explorer.  [Appellant] ran a steady red [traffic] signal at the intersection of 17th and Diamond Streets in the [C]ity and [C]ounty of Philadelphia.  On the 2000 block of North 17th Street, [Appellant] lost control of the Ford Explorer and struck several vehicles.  His vehicle was rendered inoperable. N.T.[ (plea hearing),] 1/13/2023[,] at 11.
>
> After striking the vehicles, [Appellant] exited the Ford Explorer and ran down 17th Street, where he approached a Toyota Corolla.  The Toyota Corolla was operated by one of the complainants, Mary Bonczkiewicz.  There was a passenger in the Corolla, another complainant, Chyenne Simko.  Ms. Bonczkiewicz and Ms. Simko were parked down the street from where [Appellant] had struck the other vehicles.  [Appellant] forcefully removed both [Ms. Simko and Ms. Bonczkiewicz from] the Corolla. [Appellant] struggled with Ms. Bonczkiewicz and accidentally kicked Ms. Simko in the head.  ***Id.*** at 12.
>
> [Appellant] then took control of the Toyota Corolla and drove the vehicle at a high rate of speed on 17th Street.  He struck several more vehicles and, at one point, was driving completely on the sidewalk.  ***Id.***  [Appellant] drove the Corolla to the 1500 block of Wellington Street, a one[-]way street.  While he was traveling the wrong way down that street, [Appellant] struck a pedestrian, the third complainant, Emily O'Celus, as she was

_____

[1] 18 Pa.C.S.A. §§ 2705, 2702(a)(1), 3702(a); 75 Pa.C.S.A. §§ 3742(a), 3732.1(a).

about to get into her car. After [Appellant] struck Ms. O'Celus, he continued driving south and fled the area. A few minutes after Ms. O'Celus was struck, a police officer located the Corolla, unoccupied, on the 1300 block of Smedley Street in Philadelphia, about two and a half blocks away from where Ms. O'Celus was struck. There was considerable damage to the car. *Id.* at 13.

Ms. O'Celus was transported to Temple Hospital in critical condition. She suffered from severe trauma to her leg, pelvis, and torso. Her injuries included a shattered pelvis, shattered legs, broken ankles, a broken neck, broken fingers, and a concussion. Her injuries required a lengthy hospital stay from [] April 17, 2020, until May 21, 2020. *Id.* at 14.

[Appellant] was apprehended on June 12, 2020. He gave [police] a post[-]***Miranda***[2] statement admitting to being involved in the accident and striking Ms. O'Celus. *Id.*

Trial Court Opinion, 9/12/24, at 2-4 (footnote added; punctuation modified).

The Commonwealth charged Appellant at two separate criminal docket numbers: (1) 4521-2021 (Case 4521), pertaining to the injuries sustained by Ms. O'Celus; and (2) 4507-2021 (Case 4507), pertaining to victims Ms. Simko and Ms. Bonczkiewicz.[3] In Case 4521, the Commonwealth charged Appellant with one count each of aggravated assault, aggravated assault by vehicle, causing an accident involving death or personal injury, REAP, possessing an

---

[2] ***See Miranda v. Arizona***, 384 U.S. 436 (1966).

[3] For ease of reference, we hereinafter collectively refer to Case 4521 and Case 4507 as "the two cases."

instrument of a crime,[4] and simple assault.[5] In Case 4507, the Commonwealth charged Appellant with two counts each of simple assault and REAP, and one count each of robbery of a motor vehicle, receiving stolen property,[6] and unauthorized use of a motor vehicle.[7]

Following procedure not relevant to this appeal, the trial court appointed Jessica C. Mann, Esquire (Attorney Mann), to represent Appellant for both cases. Appellant's plea hearing occurred on January 13, 2023, simultaneously in the two cases. Appellant, represented by Attorney Mann, entered open guilty pleas at the two cases. At the plea hearing, Appellant participated in an oral guilty plea colloquy, simultaneously in the two cases.[8] *See* N.T., 1/13/23, at 4-16. During the colloquy, the trial court asked the prosecutor to recite the factual bases for Appellant's pleas. *Id.* at 11.

Preliminarily, the prosecutor observed that "[t]he facts of [the two] cases are intertwined." *Id.* The prosecutor then stated on the record an

_____

[4] 18 Pa.C.S.A. § 907(a).

[5] 18 Pa.C.S.A. § 2701(a)(1).

[6] 18 Pa.C.S.A. § 3925(a).

[7] 18 Pa.C.S.A. § 3928(a).

[8] Also on January 13, 2023, Appellant completed written guilty plea colloquies, at both Case 4521 and Case 4507, with the assistance of Attorney Mann.

extensive factual history for the two cases.[9]  *Id.* at 11-15.  Significantly,

immediately after the prosecutor's recitation, Appellant confirmed that "those

[were] the facts of the case[s he] agreed to plead guilty to[.]"  *Id.* at 15.

At Case 4521, Appellant entered an open guilty plea to one count each

of aggravated assault – serious bodily injury, REAP, causing an accident

involving death or personal injury, and aggravated assault by vehicle.  *Id.* at

16.  At Case 4507, Appellant entered an open guilty plea to two counts of

REAP and one count of robbery of a motor vehicle.[10]  *Id.* at 15.  The trial court

accepted Appellant's guilty pleas and stated it was "satisfied this is a knowing,

intelligent and voluntary decision."  *Id.* at 11; *see also id.* at 16-17.  The

court deferred sentencing pending the preparation of a presentence

investigation report and mental health evaluation.  *Id.* at 17.

On May 18, 2023, Appellant, through Attorney Mann, filed a pre-

sentence motion to withdraw his guilty pleas in both cases, asserting, in

relevant part, as follows:

> [Appellant] is alleging that his plea was not knowing, voluntary,
> or intelligent, as he does not know the merits of the case.
> Additionally, [Appellant] has accused [Attorney Mann] of having
> colluded with the prosecution to undermine his case or "set him
> up."  Although [Attorney Mann] has never colluded with any agent
> of the Commonwealth or any other court, the relationship between

---

[9] In lieu of reproducing herein the prosecutor's lengthy factual recitation, we observe that it is entirely consistent with the factual history detailed *supra*. *See* Trial Court Opinion, 9/12/24, at 2-4.

[10] In exchange for Appellant's guilty pleas, the Commonwealth agreed to *nolle pros* the remaining charges against Appellant.

- 5 -

[Attorney Mann] and [Appellant] is irreparably broken. [Appellant] has refused to cooperate with the mitigation specialist in this case and has refused to cooperate with [Attorney Mann] any further.

Motion to Withdraw Guilty Plea, 5/18/23, at 2-3 (unpaginated). Simultaneously with the motion to withdraw guilty plea, Attorney Mann filed a petition to withdraw as Appellant's counsel, pointing out Appellant specifically requested her withdrawal. Motion to Withdraw as Counsel, 5/18/23, ¶ 5.

By order entered June 9, 2023, the trial court (1) granted Attorney Mann permission to withdraw; (2) appointed Appellant new counsel; (3) declared Appellant's "motion to withdraw guilty plea will remain outstanding, pending [Appellant's] conversations with [his] newly[-]appointed attorney"; and (4) stated sentencing would be scheduled at a future date, "pending [Appellant's] decision whether to withdraw [his] guilty plea or proceed with sentencing." Order, 6/9/23 (capitalization modified).

The matter proceeded to a sentencing hearing on August 25, 2023,[11] jointly in the two cases, wherein Appellant was represented by Adam J. Rogers, Esquire (Attorney Rogers). After considering Appellant's allocution,[12]

_____

[11] Appellant did not take any further action on his deferred motion to withdraw guilty plea, or mention same at his sentencing hearing.

[12] Appellant apologized to the victims and stated that he "was going through opioid abuse" at the time of the incident. N.T., 8/25/23, at 42; **see also id.** at 41-45.

at Case 4521, the trial court sentenced him, on the aggravated assault conviction, to six to twelve years in prison. N.T., 8/25/23, at 49; **see also id.** (trial court observing that this sentence was within the standard range of the Sentencing Guidelines). For Appellant's conviction of accidents involving death or personal injury, the court "sentence[d Appellant] to 7 years of concurrent probation[.]" **Id.**; **see also id.** at 50 (trial court clarifying that it was imposing the sentence concurrently "[j]ust on the chance that [Appellant] is paroled in less than 7 years' time. … [I]f he is paroled prior to that, which is unlikely, he would be under supervision."). The court imposed no further penalty on Appellant's remaining convictions in Case 4521. **Id.** at 50. At Case 4507, the court imposed an aggregate sentence of four to eight years in prison, and ordered the sentence to run consecutive to the sentence imposed at Case 4521. **Id.**

On September 4, 2023, Appellant timely filed identical post-sentence motions for reconsideration of sentence at the two cases. Appellant claimed the sentencing court abused its discretion in failing to adequately consider mitigating factors. Motion for Reconsideration of Sentence, 9/4/23, ¶ 12.

The trial court did not rule on Appellant's motions for reconsideration of sentence within 120 days. **See** Pa.R.Crim.P. 720(B)(3)(a) (providing trial courts "shall decide [a] post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion."). Accordingly, pursuant to Rule 720, Appellant's motions for reconsideration were denied by operation

of law.[13] *Id.* ("If the judge fails to decide the motion within 120 days, or to grant an extension …, the motion shall be deemed denied by operation of law.").

On February 8, 2024, Appellant filed separate notices of appeal in each of the two cases,[14] through Attorney Rogers. *See Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (requiring appellants to file separate notices of appeal from single orders that resolve issues on more than one docket). On June 26, 2024, the trial court entered an order (1925 Order), at

_____

[13] Perplexingly, while the trial court docket, in Case 4507, indicates that Appellant's post-sentence motion was denied on January 8, 2024, the docket in Case 4521 indicates the post-sentence motion in that case was denied on February 6, 2024. Moreover, there is no indication in the record, or trial court dockets, that the parties were served with an order denying Appellant's post-sentence motions by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts" must 1) "enter an order on behalf of the court" stating that the motion is deemed denied; and 2) serve a copy of the order on defendant or his attorney and on the attorney for the Commonwealth).

[14] Although Appellant failed to timely file his respective notices of appeal, *see* Pa.R.A.P. 903(a), we nevertheless deem the appeals timely in light of the above-mentioned breakdown in the operation of the trial court regarding Appellant's post-sentence motions, and its non-compliance with Pa.R.Crim.P. 720(B)(3)(c). *See Commonwealth v. Patterson*, 940 A.2d 493, 99 (Pa. Super. 2007) ("[T]he trial court's failure to comply with Rule 720 constitutes a breakdown that excuses the untimely filing of [a]ppellant's notice of appeal."); *see also Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa. Super. 2023) ("Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.").

the two cases, directing Appellant to file concise statements of errors on appeal, pursuant to Pa.R.A.P. 1925(b).[15]

Appellant timely complied with the 1925 Order and filed identical concise statements for the two cases, through Attorney Love, on July 14, 2024. On September 12, 2024, the trial court issued a single Rule 1925(a) opinion for the two cases. **See generally** Trial Court Opinion, 9/12/24.

Before detailing Appellant's issues on appeal, we observe that the appellate briefs Attorney Love filed on Appellant's behalf in 509 EDA 2024 and 519 EDA 2024 are substantially identical. The respective briefs contain only minor differences, and set forth identical issues and argument sections.[16] We thus *sua sponte* consolidated the appeals.

On appeal, Appellant presents two issues for our review:

1. Whether the trial court erred in accepting [Appellant's] guilty plea when the facts put forth on the record during the guilty plea colloquy did not establish the crime of aggravated assault, 18 [Pa.C.S.A.] § 2702(a)(1)[?]

2. Whether [Appellant's] guilty plea was knowing, voluntary and intentional when the facts put forth on the record during the

_____

[15] The 1925 Order listed Appellant's counsel of record as William Love, Esquire (Attorney Love), as opposed to Attorney Rogers. 1925 Order, 6/26/24, at 2 (unpaginated). However, there is no indication in the certified record or trial court docket that Attorney Rogers petitioned to withdraw as counsel, or that the trial court permitted Attorney Rogers to withdraw. Attorney Love was mentioned for the first time in the 1925 Order. Attorney Love also represents Appellant in the instant appeals.

[16] Because the appellate briefs Appellant filed in each appeal are substantially similar, and raise identical issues, we refer to them as if they were a single brief.

> guilty plea colloquy did not establish a factual predicate for the crime of aggravated assault, 18 [Pa.C.S.A.] § 2702(a)(1)[?]

Appellant's Brief at 6 (footnote omitted; citations modified).

Prior to addressing the merits of Appellant's issues, we observe that he was convicted of aggravated assault only at Case 4521 (corresponding to the appeal at 509 EDA 2024, and the injuries sustained by Ms. O'Celus). Appellant was not convicted of aggravated assault in Case 4507 (corresponding to 519 EDA 2024). Accordingly, Appellant's issues in 519 EDA 2024 are misplaced and entitle him to no relief. We proceed to address the merits of Appellant's issues in connection with 509 EDA 2024.

In his first issue, Appellant claims the trial court "erred as a matter of law in accepting" his guilty plea, where "aggravated assault cannot be established on the facts put forth at the plea hearing[.]" Appellant's Brief at 17. According to Appellant,

> the facts put forth on the record by the Commonwealth establish that [Appellant] hit a pedestrian while driving the wrong way down a one-way street. [Appellant] respectfully submits that these facts do not demonstrate the malice required to establish the crime of aggravated assault.[17]

---

[17] Section 2702 of the Crimes Code provides, in relevant part, that a "person is guilty of aggravated assault if he … attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). In **Commonwealth v. Packer**, 168 A.3d 161 (Pa. 2017), our Supreme Court stated,

> [i]n the DUI context, this Court has held that the decision to drive while under the influence of alcohol and/or a controlled substance

*(Footnote Continued Next Page)*

*Id.* at 11 (footnote added). Appellant maintains "there was no evidence put forth at the plea hearing nor at the sentencing hearing that [Appellant] intentionally hit" Ms. O'Celus, and thus, there was no evidence of malice to support a charge of aggravated assault. *Id.* at 16; *see also id.* at 17 ("[M]alice cannot be inferred by the fact that [Appellant] was driving a stolen car" when he hit Ms. O'Celus). Appellant cites to case law holding that driving while intoxicated, by itself, does not generally constitute malice. *See id.* at 12-17 (citing *Commonwealth v. Comer*, 716 A.2d 593 (Pa. 1998), *O'Hanlon*, 653 A.2d 616, and *Commonwealth v. McHale*, 858 A.2d 1209 (Pa. Super. 2004)).

---

> does not, standing alone, constitute malice. In *Commonwealth v. O'Hanlon*, [653 A.2d 616 (Pa. 1995),] a drunk driver ran a red light and struck another vehicle, seriously injuring the other driver. We found this evidence to be insufficient to sustain a conviction of aggravated assault. *O'Hanlon*, 653 A.2d at 618. We observed that neither "ordinary negligence" nor "mere recklessness" is sufficient to satisfy the *mens rea* of aggravated assault. *Id.* at 617-18. Instead, we found that the crime "requires a higher degree of culpability, *i.e.*, that which considers and then disregards the threat necessarily posed to human life by the offending conduct," and entails "an element of deliberation or conscious disregard of danger[.]" *Id.* at 618.
>
> For the degree of recklessness contained in the aggravated assault statute to occur, the offensive act must be performed under circumstances which almost assure that injury or death will ensue. The recklessness must, therefore, be such that life threatening injury is essentially certain to occur. This state of mind is, accordingly, equivalent to that which seeks to cause injury. *Id.*

*Packer*, 168 A.3d at 170 (brackets omitted).

- 11 -

The Commonwealth counters Appellant waived this claim. ***See*** Commonwealth Brief at 5, 6-7.

> Although [Appellant] purports to challenge the trial court's acceptance of his guilty plea to aggravated assault on a supposedly inadequate factual basis, this is a thinly veiled attempt to challenge the sufficiency of the evidence as if he had exercised his right to trial. Because [Appellant] waived a challenge to the sufficiency of the evidence by pleading guilty, his claim is non-cognizable.

***Id.*** at 5.

We agree with the Commonwealth that to the extent Appellant's challenge is actually an attempt to attack the sufficiency of the evidence underlying his aggravated assault conviction, Appellant waived this claim when he entered his guilty plea. ***See Commonwealth v. Adams***, 327 A.3d 667, 669 (Pa. Super. 2024) ("Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and … the 'legality' of the sentence imposed." (citation, brackets, and quotation marks omitted)); ***Commonwealth v. Williams***, 660 A.2d 614, 619 (Pa. Super. 1995) ("[A]ny issue relating to the sufficiency of the evidence is waived by entry of guilty plea[.]" (citation and footnote omitted)).

Even if Appellant had not waived this claim, we would conclude it lacks merit, based upon the following reasoning advanced in the trial court's Rule 1925(a) opinion:

> The facts placed on the record establish the crime of aggravated assault. When [] Appellant struck Ms. O'Celus, he caused severe

trauma to her legs, pelvis, and torso. Immediately following the incident, she spent over a month in the hospital and[,] at the time of the plea[,] had undergone numerous surgeries with more to follow. She suffered permanent disfigurement of her legs and buttocks. *Id.* at 14.

It is clear that Ms. O'Celus suffered serious bodily injury. Thus, the facts must only establish that [] Appellant acted recklessly under the circumstances manifesting an extreme indifference to human life. [*See Commonwealth v. Patrick*, 933 A.2d 1043, 1046 (Pa. Super. 2007) (stating, for purposes of establishing aggravated assault, "[w]here the victim suffers serious bodily injury, the Commonwealth is not required to prove specific intent. The Commonwealth need only prove the defendant acted recklessly under circumstances manifesting an extreme indifference to the value of human life." (internal citations and brackets omitted; formatting modified)).] **Before** [] **Appellant even struck Ms. O'Celus, he struck several other vehicles and fled those scenes.** He drove at dangerous speeds within the [C]ity of Philadelphia. **Immediately before striking Ms. O'Celus,** [] **Appellant drove the wrong way down a one-way street.**[18] **Appellant's conduct demonstrates recklessness and a complete disregard for the safety of those within his path.**

Finally, Appellant admitted to police that he had b[e]en involved in the accident and **accepted the facts as the Commonwealth offered them at the plea hearing.**

Therefore, the facts proffered at the plea hearing establish the crime of aggravated assault and the [trial] court properly accepted Appellant's guilty plea.

Trial Court Opinion, 9/12/24, at 7-8 (emphasis and footnote added).

The trial court's foregoing reasoning is supported by the law and the

record. *See id.*; *see also Commonwealth v. Peters*, 320 A.3d 1231, 1243

---

[18] During the prosecutor's recitation of the factual basis for the pleas at the plea hearing, he clarified that "at one point[, Appellant] was driving completely on the sidewalk." N.T., 1/13/23, at 12.

(Pa. Super. 2024) (*en banc*) (upholding the intoxicated defendant/motorist's convictions for, *inter alia*, aggravated assault, where he "maliciously exhibited sustained recklessness over a considerable period of time prior to the fatal crash, despite an obvious risk of harm to other motorists and the general public."), **appeal granted**, 409 MAL 2024 (Pa. Jan. 6, 2025); **see also Packer**, 168 A.3d at 167-68, 171 (stating that "each case must be analyzed on its own facts" and concluding, "[t]his is not a typical case of ordinary recklessness that arises when someone chooses to drive while intoxicated."). Moreover, the cases Appellant relies upon in support of his claim (*i.e.*, **Comer**, **O'Hanlon**, and **McHale**) are distinguishable and unavailing. **See Peters**, 320 A.3d at 1241-42 (distinguishing **Comer** and **McHale**). Accordingly, Appellant's first issue does not merit relief.

In his second issue, Appellant argues the trial court erred in accepting his guilty plea, where "the facts put forth on the record" at the plea hearing "do not establish the requisite intent for aggravated assault." Appellant's Brief at 20 (capitalization modified). According to Appellant, his guilty "plea was not knowing, voluntary and intentional because he pled [guilty] to a crime that he did not commit." **Id.**

The Commonwealth counters Appellant waived this claim, where he did not raise it in the trial court, and presented it for the first time in his Rule 1925(b) concise statement. **See** Commonwealth Brief at 7. We agree.

This Court has stated that

> [a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, … 895 A.2d 1266, 1270 n.3 (Pa.[ ]Super. 2006).

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013).

> The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. []It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. ***See Commonwealth v. Roberts***, … 352 A.2d 140, 141 (Pa. Super. 1975) (attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal;" … "strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017). "Moreover, a party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order." ***Id.*** at 468-69 (citation, emphasis, and quotation marks omitted).

Instantly, Appellant did not object during the plea hearing or include his instant challenge in his May 18, 2023, motion to withdraw guilty plea.[19] Accordingly, Appellant waived this claim. ***See Lincoln***, 72 A.3d at 609-10.

_____

[19] Although Appellant filed a pre-sentence motion to withdraw guilty plea, the only bases for withdrawal Appellant asserted in his motion were: (1) "[Appellant] is alleging that his plea was not knowing, voluntary, or intelligent, as he does not know the merits of the case"; and (2) Appellant "has refused

*(Footnote Continued Next Page)*

- 15 -

Even if not waived, Appellant's claim would not merit relief. "Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily, and intelligently entered." *Commonwealth v. Felix*, 303 A.3d 816, 820 (Pa. Super. 2023) (citation and brackets omitted).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. In determining whether a guilty plea was entered knowingly and voluntarily, a court is free to consider the totality of the circumstances surrounding the plea.

*Id.* (citation omitted). "[D]efendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements." *Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citation omitted).

To ensure a voluntary, knowing, and intelligent plea, trial courts are required to conduct a plea colloquy and

> must delve into six areas: 1) the nature of the charges, 2) **the factual basis of the plea**, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.[] *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) [(*en banc*)]; Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the

---

to cooperate with" his counsel, Attorney Mann. Motion to Withdraw Guilty Plea, 5/18/23, at 2-3 (unpaginated); *see also generally* Motion to Withdraw as Counsel, 5/18/23 (Attorney Mann's contemporaneously-filed motion to withdraw as counsel). Appellant's motion to withdraw guilty plea never challenged the factual basis for the plea or mentioned the aggravated assault charge. *See generally* Motion to Withdraw Guilty Plea, 5/18/23. Moreover, Appellant subsequently abandoned his outstanding motion to withdraw following the appointment of new counsel, and he did not move to withdraw his guilty pleas following sentencing.

defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. ***Morrison***, 878 A.2d at 108 (*citing* Comment to Pa.R.Crim.P. 590).

***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa. Super. 2015) (emphasis added); ***see also Felix***, 303 A.3d at 820 ("The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." (citation omitted)).

Regarding the requirement for a factual basis of the plea, our Supreme Court has stated, "[t]he salutary purposes of the requirement include protecting against … a defendant's mistaken plea to an offense that is not actually implicated by his conduct." ***Commonwealth v. Flanagan***, 854 A.2d 489, 500 (Pa. 2004) (citation omitted).

"Where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006) (citation and brackets omitted). "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." ***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003) (citation omitted).

Instantly, the trial court determined that it properly accepted Appellant's guilty pleas as knowingly, voluntarily, and intelligently tendered, reasoning in its Rule 1925(a) opinion as follows:

[I]t is clear from the record that Appellant understood the plea and the nature of the charges against him and that his decision to plead guilty was knowing, voluntary, and intelligent. First, at the start of the plea hearing, the trial court confirmed that [] Appellant wished to plead guilty to certain charges. N.T.[,] 1/13/2023[,] at 3. Then, the court held a guilty plea colloquy, and [] Appellant participated. During the colloquy, the court asked [] Appellant questions regarding his education, age, understanding of the English language, and state of mind to confirm Appellant understood the proceedings and guilty plea. *Id.* at 4.

The trial court explained: the crimes to which Appellant was pleading guilty [], the maximum penalties possible for the charges, his right to a jury or bench trial, the pretrial rights he was waiving, effects on probation or parole, effects on immigration status, and post-guilty plea appellate rights. *Id.* at 5-9. The Commonwealth provided a lengthy factual basis of the charges. *Id.* at 11-15. **Appellant then agreed that those were the facts of the case he agreed to plead guilty to** and[,] among other charges, Appellant pled guilty to aggravated assault. *Id.*

Additionally, Appellant and [Attorney Mann] reviewed and signed written guilty plea colloquies for [the two cases] he pled guilty to.[20] *Id.* at 4-5.

There is no indication on the record that Appellant's decision to plead guilty was made unknowingly, [in]voluntarily, or unintelligently. **It is clear from the oral and the written guilty plea colloquies that Appellant understood the nature of the charges. He is bound by his statement that he agreed to**

_____

[20] In the written guilty plea colloquies, Appellant confirmed his understanding that "[t]he facts of the case have been read to me. The crimes and elements of the crime(s) have been explained to me. I committed the crime(s) …, and that is why I am pleading guilty." Written Plea Colloquy, 1/13/23, at 6; *see also id.* at 2 (Appellant confirming that Attorney Mann had "explained to [Appellant] the elements of each of the [] offense(s)").

- 18 -

**the facts of the case during the guilty plea colloquy.** The trial court found that there was a proper factual basis for the crime of aggravated assault. Based on the totality of the circumstances, the court also found that Appellant's decision to plead guilty was knowing, voluntary, and intelligent. It is not necessary that Appellant be happy with the outcome of his decision, just that he did it knowingly, voluntarily, and intelligently. [**Pollard**, 832 A.2d at 524.] Finally, Appellant has not shown that at any point he was [] [un]aware of what he was doing when he entered into the guilty plea. Therefore, … the [trial] court did not err in finding that Appellant's decision to plead guilty was knowing, voluntary, and intelligent.

Trial Court Opinion, 9/12/24, at 11-13 (emphasis and footnote added).

The trial court's reasoning is supported by the record and the law, and we agree with its conclusion.[21] **See id.** Contrary to Appellant's claim, there was an adequate factual basis stated of record to support Appellant's guilty pleas to the crimes (including aggravated assault), which he tendered knowingly, intelligently, and voluntarily. Accordingly, Appellant's second issue does not merit relief.

Finally, we *sua sponte* address the legality of Appellant's sentence.[22] **See Commonwealth v. Rosario**, 294 A.3d 338, 342 n.4 (Pa. 2023) (noting

---

[21] We additionally observe that at the plea hearing, the trial court specifically asked Appellant whether he understood that "practically speaking, if [the trial court] accept[ed Appellant's] plea, it means [the court has] determined it's proper and it's highly unlikely this is going to get reversed on [] appeal?" N.T., 1/13/23, at 9-10 (punctuation modified). Appellant confirmed his understanding. **Id.** at 10.

[22] This Court stayed these appeals pending *en banc* decisions in **Commonwealth v. Jennings**, 1128 EDA 2024, and **Commonwealth v. Robinson**, 907 EDA 2024. Order, 7/23/25.

that issues regarding the legality of sentence are not waivable, and "an appellate court may raise and address such an issue *sua sponte.*" (citation omitted)). An issue related to the legality of a sentence presents a pure question of law. ***Commonwealth v. Prieto***, 206 A.3d 529, 534 (Pa. Super. 2019). As such, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Ewida***, 333 A.3d 1269, 2174 (Pa. Super. 2025) (citation omitted).

Pursuant to 42 Pa.C.S.A. § 9721(a), sentences, including orders of probation and total confinement, among other sentencing alternatives, may be imposed "consecutively or concurrently[.]" ***Id.*** In ***Jennings***, this Court, sitting *en banc*, recently held that "the language of 42 Pa.C.S.A. § 9721(a) (sentencing generally) clearly and unambiguously permits trial courts to impose concurrent terms of probation and total confinement." ***Commonwealth v. Jennings***, ___ A.3d ___, 2026 PA Super 8, at 2 (Pa. Super. filed Jan. 14, 2026) (*en banc*).

Instantly, at Case 4521, for Appellant's conviction of accidents involving death or personal injury, the court sentenced Appellant to seven years of probation, and ordered this sentence to run concurrently with the sentence of six to twelve years' imprisonment imposed for his aggravated assault conviction in Case 4521. N.T., 8/25/23, at 49, 50. Pursuant to ***Jennings***, the trial court had the authority to impose this sentence, and we thus vacate our stay order. ***Jennings***, ***supra***.

- 20 -

Based upon the foregoing, we discern no error of law or abuse of discretion by the trial court in accepting Appellant's guilty pleas, and affirm Appellant's judgments of sentence.

Stay vacated. Judgments of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/27/2026